BANK OF COMMERCE, A BANKING INSTITUTION OF THE STATE OF NEW JERSEY, PLAINTIFF, v. SARANTOS MARKAKOS, *ET AL.*, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided April 9, 1956.

August 6, 1956.   See 41 *N. J. Super.* 246.

*Messrs. Rospond & Rospond (Mr. Felix Rospond* appearing), attorneys for plaintiff.

*Mr. James N. Pappas,* attorney for Louis Chumsky.

*Mr. Raymond Del Tufo, Jr.,* U. S. attorney, for the United States.

SULLIVAN, J. S. C. Plaintiff has instituted an action to foreclose its mortgage. Default has been entered against all of the defendants except Louis Chumsky and United States of America, junior mortgagees in that order, who filed answers which do not dispute the priority of plaintiff's mortgage or the order of priority of subsequent encumbrances as stated in the complaint.

Plaintiff has moved for the entry of final judgment, and without doubt it is entitled to have its motion granted. The difficulty arises over the plaintiff's demand that the judgment to be entered include the award of a counsel fee pursuant to paragraph 20(a) of the underlying bond which is incorporated by reference into the mortgage. Said paragraph reads as follows:

"In the event the mortgage accompanying this bond is referred to an attorney for foreclosure or for recovery of possession of the mortgaged property, the Obligor will pay in addition to the said Principal sum actual incidental disbursements and an attorney's fee amounting to three per cent. (3%) of said Principal sum but in no event less than Seventy-five Dollars ($75.00)."

Plaintiff is, of course, aware that *R. R.* 4:55–7(*c*) provides for the allowance of a counsel fee in mortgage foreclosure proceedings and fixes, upon a percentage basis, the fee to be allowed. Plaintiff argues that the provision in

the bond and mortgage prevails over the rule and that this court must allow it a counsel fee pursuant to paragraph 20(a) of the bond.

█ Plaintiff's argument has no substance to it. This is not a suit on the bond but a foreclosure proceeding. Counsel fees in foreclosure proceedings have been regulated by rule of court for the past 50 years. See *Shreve v. Harvey*, 74 *N. J. Eq.* 336 (*Ch.* 1908). Indeed even prior to the *Chancery Rules* this court held that it had, as recognized by statute, inherent power in its discretion to determine the allowance of a counsel fee in a foreclosure suit. A case similar to the one under consideration is *United Security Life Ins. & Trust Co. v. Smith*, 51 *N. J. Eq.* 635 (*E. & A.* 1893), where it was held that a provision respecting a counsel fee in the mortgage instrument itself did not curtail the court's power to fix the amount of the counsel fee in a foreclosure suit.

The same principle applies here. By the promulgation of *R. R.* 4:55–7(c) the court has regulated the allowance of counsel fees in mortgage foreclosure proceedings. The language of the rule is absolute. "No fee for legal services shall be allowed in the taxed costs or otherwise, except: * * * (c) In an action for the foreclosure of a mortgage. * * *"

█ It appears that none of the defendants, including those who have filed answer, have made any objection to this part of plaintiff's motion. However, that fact is not material. Plaintiff will be allowed a counsel fee computed pursuant to *R. R.* 4:55–7(c) and not pursuant to the provisions of paragraph 20(a) of the bond.