ISRAEL DOAN, complainant-appellant,

*v.*

COLLINS-DOAN COMPANY, a corporation of the State of New Jersey, defendant-appellee.

[Argued May 24th, 1937. Decided September 22d, 1937.]

*Messrs. Melosh, Morten & Melosh (Mr. Louis G. Morten,* of counsel), for the appellant.

*Mr. John Francis Gough,* for the appellee.

The opinion of the court was delivered by

RAFFERTY, J.

This appeal is from two orders made in the court of chancery, each dated February 8th, 1937, the first of which denied the motion of complainant below, appellant here, that the bill of complaint filed in the cause be dismissed without the payment of costs, and the second, ordering to be held void and of no effect a certain notice sent by appellant to a banking institution, which was the sole depository of the corporation, that the said bank should refuse to honor the checks, &c., of the corporation signed by its treasurer.

Complainant below was the holder of a majority of the preferred stock of the corporation, the holders of preferred stock having voting powers in the corporation and being entitled to two of the four directors thereof. Complainant below filed his bill, upon which he has not caused subpœna to issue, alleging that the business of the corporation was being conducted at a great loss and with prejudice to the interest of its creditors and stockholders. An order to show cause why a receiver of the corporation should not be appointed issued. On December 28th, 1936, the return date thereof, the court below denied the application for the appointment of a receiver and vacated a preliminary restraint. Complainant below did nothing further with respect to the chancery action, but thereafter, on February 1st, 1937, served a notice upon the bank that the treasurer of the corporation was not empowered or authorized to make disbursements from the funds credited to the account of the corporation in the bank and that checks, drafts or other orders drawn by such treasurer would thereafter be honored by the bank at its peril. In this state of affairs defendant below properly applied to the court of chancery for relief and demonstrated that the effect of this notice to the bank was, as stated by the learned vice-chancellor who heard the matter, "a palpable attempt to cripple defendant and force it into a receivership." Upon the hearing of the order to show cause issued upon the

petition of defendant, complainant moved to have his original bill dismissed without the payment of costs, resulting in the order appealed from, first above mentioned, and thereupon the court held the notice to the bank by complainant to be void and of no effect, resulting in the order secondly appealed from.

Appellant having sought to circumvent, by the notice to the bank aforementioned, the effect of the order of the court below refusing to appoint a receiver and, thereafter, being confronted with the order of that court declaring such notice by complainant to the bank as being void and of no effect, comes with little grace on appeal to this court.

The argument made is that complainant below had the right, as of course, prior to the issuance of subpœna, and after argument on the order to show cause, defendant having responded thereto and litigated the same, to have his bill dismissed without the payment of costs and that defendant below was without right to file its petition to obtain relief from the action of complainant in stopping the credit of defendant, notwithstanding the prior entry of order denying application for receiver.

As to the first point, there is ample authority that, in the circumstances of this case, it was unnecessary that a writ of subpœna issue to bring defendant within the jurisdiction of the court. Formal issuance of the order to show cause and appropriate service thereof on the defendant corporation was such reasonable notice to it of the pendency of the suit as to bring it within the jurisdiction of the court and bind defendant to the order or decree of the court. *Pierce* v. *Old Dominion Copper Mining and Smelting Co., 67 N. J. Eq. 399; In re Martin, 86 N. J. Eq. 265.* In response to this order to show cause, defendant made its appearance and litigated the matter, thereby submitting to the court's jurisdiction. Appellant does not dispute this, as evidence the fact that he sought the exercise of judicial power upon defendant in the application for receiver. This being so the matter of costs was conspicuously within the discretion of the vice-chancellor who heard the cause.

Appellant urges that defendant below had no standing in the cause which gave it the right to file petition for relief from the extra-judicial action of appellant in seeking to accomplish by his own injunction that which was denied him in his own action. Appellant says in effect that he may hold the corporation at bay by the simple expedient of declining to cause issuance of subpœna in his suit and destroy the corporation by choking off its credit and that with respect to his suit, the doors of equity shall be closed against the corporation. The industry of counsel in seeking to maintain this position yields no authority upon which it can be based. Praying equity at the inception of the litigation, he scorns equity to accomplish his purpose. That petition in a cause, and particularly upon bill filed for the appointment of a receiver, may be addressed to the discretion of the chancellor and that the chancellor may judicially act thereon is a principle too well established to require citation.

The action of the court of chancery in entering the orders appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.