585 A.2d 982

ISLAND HOUSE CONDOMINIUM ASSOCIATION, A NEW JERSEY NON–PROFIT CORPORATION, PLAINTIFF, v. DAVID FELDMAN AND SANDRA FELDMAN, HIS WIFE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Atlantic County

May 14, 1990.

*Frank Ferry* for Plaintiff.

*Barbara E. Riefberg* for Defendants David Feldman and Sandra Feldman (Jeffrey I. Baron, P.C.).

*Marc Baldwin* for Third Party Defendant Structural Preservation Systems, Inc. (Parker, McCay & Criscuolo, P.A.).

## OPINION

GIBSON, J.S.C.

The within matter involves a request for counsel fees by a condominium association as part of its prosecution of a lien claim against a delinquent unit owner. The resolution of plaintiff's request requires an interpretation of *N.J.S.A.* 46:8B–21 and its relationship to *R.* 4:42–9. Both sides agreed to submit this issue to the court based on stipulated facts and without oral argument.

## BACKGROUND FACTS

Plaintiff, Island House Condominium Association (Association) brought suit to collect a special assessment against unit owners, David and Sandra Feldman. The assessment was necessitated as a result of costs incurred to perform certain repairs to the site, allegedly cause by the negligence of the contractor who initially built the condominium project. The total cost was approximately a million dollars and that sum was divided among the 153 unit owners, all of whom, except for defendants, paid their assessment.

During the course of the repairs, defendants allege that their unit was damaged. As a result, they not only refused to pay their assessment but also refused to pay the quarterly Association fees. Eventually, they sued the Association for damages in the Superior Court, Camden County but that suit was dismissed on procedural grounds. In the interim, the Association files its lien. *N.J.S.A.* 46:8B–21. Defendants continued to refuse to pay and the Association filed suit in this court to foreclose the lien. Defendant's answer not only denied liability for the lien but also counterclaimed for the damage to their unit. Although plaintiff initially sought to dismiss the counterclaim based on *res adjudicata*, this court allowed defendants to seek to vacate the prior dismissal in Camden County. Having succeeded in doing so, all claims were then returned here. Although the lien claim was ultimately settled when defendants agreed to pay the full assessment, no agreement could be reached on the attorney's fee request and both sides agreed to submit that issue to the court.

Plaintiff's claim amounts to $14,617.25, plus out of pocket expenses of $129.80 and reflects billings from June 12, 1987 through March 5, 1990. Although the certification submitted by counsel for the Association reflects that the lien was prepared on October 13, 1987, collection efforts against the Feldmans were not pursued with earnest until April of 1988 and this suit was not initiated until August 3, 1988. The bulk of the

legal work incurred prior to that related solely to the defense of the damage claim. For example, if one looks at the first billing to the Association, all of the entries relate to the defense of the Camden County action. That pattern continued until April 27, 1988 when plaintiff's counsel took steps to update the title work in anticipation of filing the foreclosure complaint. The next relevant entry does not occur until the drafting of the complaint on July 5, 1988. All entries thereafter appear to relate to the prosecution of the lien claim with the exception of the September 14, 1988 research regarding the motion to dismiss the counterclaim. Exhibit "A" of defense counsel's submissions highlights plaintiff's billings in a manner consistent with the above and is thereby incorporated by reference.

## LEGAL CONCLUSIONS

The primary defense to plaintiff's fee request is that the Association, having chosen to prosecute its lien by means of a foreclosure, is limited by the provisions of *R.* 4:42–9(a)(4). That Rule mandates that in a mortgage foreclosure action, attorney's fees are limited by the formula set forth therein. If applied in this case, the total fees allowable would be approximately $219.00. Although defendants acknowledge that the Association by-laws obligates a delinquent unit owner to pay reasonable attorney's fees incurred in the collection of an assessment, they contend that such a provision is subservient to *R.* 4:42–9(a)(4), citing *Coastal State Bank v. Colonial Wood Products, Inc.*, 172 *N.J.Super.* 320, 324, 411 *A.2d* 1172 (App. Div.1980).

■ I find defendants' arguments unpersuasive. Plaintiff's claim is not based simply on a contract. It has both a statutory and contractual base and *N.J.S.A.* 46:8B–21, the applicable statute reads, in part, as follows:

The Association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expense or otherwise, together with interest thereon and, if authorized by the master deed or by-laws, reasonable attorney's fees . . . . ,

Both the master deed and the by-laws of the Association include provisions authorizing attorneys fees to be assessed against a delinquent unit owner. The by-laws, for example, mandate the Board of Directors take prompt action, by legal proceedings or otherwise, to collect any delinquent assessment including interest, expenses and reasonable attorney's fees.

Our court rules do not require a different result. Contrary to defendant's position, the restrictions of *R.* 4:42–9(a)(4) do not apply to all foreclosure actions. Indeed, that Rule is quite specific and refers only to a "mortgage" foreclosure. The appropriate rule is *R.* 4:42–9(a)(8) which allows counsel fees in all cases where they are permitted by statute. *N.J.S.A.* 46:8B–21, of course, provides that authority here. *Coastal State Bank v. Colonial Wood Products, Inc., supra* does not suggest otherwise. That case simply holds that a counsel fee provision in a mortgage note does not expand the fees allowable in a mortgage foreclosure action. *R.* 4:42–9(a)(4). This is not that case. *Cf. Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll,* 44 *N.J.* 442, 448, 210 *A.*2d 68 (1965).

Despite the above conclusions, there is a separate question as to whether the Condominium Act itself limits fees in the same manner as *R.* 4:42–9(a)(4). For example, *N.J.S.A.* 46:8B–21 provides that association liens may be foreclosed "... in the same manner as a foreclosure of a mortgage on real property." Nothing in the statute or in any case decided under it, explains what was intended by that language. However, I do not read in it a limitation on counsel fees. If that were intended, its earlier language regarding "reasonable attorneys fees" would not have been included. Indeed, the very inclusion of the word "reasonable" speaks of something more than strict formula contained in *R.* 4:42–9(a)(4).

Having decided that plaintiff's fee award is to be measured by the test of reasonableness, it is still necessary to determine what the claim may include. Most of counsel's effort was directed, not to the prosecution of the lien claim, but

to the defense of the damage claim. No provision in the by-laws, the master deed, the statute or any court rule permits fees to be awarded for the defense of a damage claim. *Cf. N.J.S.A.* 2A:15–59.1. At this point, it is not even known whether the defense will be successful. Ripeness aside, however, that portion of the request will not be approved. The general rule in this State still requires that each party bear his own counsel fees unless permitted by statute, contract or court rule. *Jersey City, etc., Auth'y v. Housing, etc.,* 70 *N.J.Super.* 576, 584, 176 *A.*2d 44 (Law Div.1961) aff'd 40 *N.J.* 145, 190 *A.*2d 870 (1963).

Of the total time expended by plaintiff's counsel, only 45.10 hours were reasonably related to the prosecution of the Association lien. As to those, I will approve the hourly rate requested by counsel. See Exhibit A. All charges reflecting staff work will be disallowed. *Cf. In re Trust of Brown,* 213 *N.J.Super.* 489, 493, 517 *A.*2d 893 (Law Div.1986). Although our court rules now permit an award for "para-professional services", no attempt was made to qualify the staff services incurred here in that way. See *R.* 4:42–9(b) (effective 1989).

## CONCLUSION

For all of the reasons related above, it is the conclusion of this court that the successful prosecution of a lien claim by a condominium association pursuant to *N.J.S.A.* 46:8B–21 may include an award of reasonable attorney's fees and is not limited by the formula in *R.* 4:42–9(a)(4) relating to mortgage foreclosures. Having so concluded, it is nevertheless my judgment that plaintiff's claim includes fees relating to the defense of defendants' damage action and to that extent, will not be allowed.