**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2055-15T1
              A-2683-15T2

BRIDGE PLAZA CONDOMINIUM
ASSOCIATIONS, INC.,

    Plaintiff-Respondent,

v.

PEOPLEMOVER, LLC,

    Defendant-Appellant.

_____

BRIDGE PLAZA CONDOMINIUM
ASSOCIATIONS, INC.,

    Plaintiff-Respondent,

v.

REHOLD, INC.,

    Defendant-Appellant.

_____

        Submitted May 3, 2017 — Decided June 5, 2017

        Before Judges Accurso and Manahan.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Monmouth County, Docket
        Nos. F-22285-14 and F-23290-14.

Rutter & Roy, LLP, attorneys for appellants (Richard B. Tucker, Jr., of counsel and on the brief).

Ansell, Grimm & Aaron, PC, attorneys for respondent (Mark M. Wiechnik, of counsel and on the brief).

PER CURIAM

In these two appeals, calendared back-to-back and consolidated for purposes of this opinion, defendants Peoplemover, LLC and Rehold, Inc. appeal from orders granting plaintiff Bridge Plaza Condominium Association, Inc. counsel fees incurred in connection with its prosecution of lien claims for unpaid common expense assessments against the multiple units owned by defendants. Because we cannot find the trial court abused its discretion in making those fee awards, we affirm.

The essential facts are undisputed and easily summarized. Peoplemover is the owner of seven units and Rehold is the owner of five units in Bridge Plaza, a commercial condominium office park in Manalapan. When defendants failed to pay common expense assessments due and owing, the Association recorded liens against the units pursuant to N.J.S.A. 46:8B-21, which it sued to foreclose in these actions. Defendants opposed these actions. Plaintiff was not only required to pursue summary judgment, but to oppose defendants' cross-motions to dismiss the complaints.

Following entry of summary judgment, plaintiff moved for an award of attorneys' fees in each action as permitted by N.J.S.A. 46:8B-21 and the Association's master deed and by-laws. See Island House Condo. Ass'n v. Feldman, 245 N.J. Super. 407, 412 (Ch. Div. 1990). Against Peoplemover, plaintiff sought fees of $21,917.50 and costs of $1976.10. Against Rehold, plaintiff sought fees of $20,752.50 and costs of $1871.38. The accompanying certifications detailed the amounts billed the Association by its counsel in each matter, showing dates, time spent and hourly rates or flat fees charged; the experience of the lawyers who worked on the matters; and attached the fee agreement.

Defendants opposed the motions, contending, among other things, that the fee certifications failed to comply with Rule 4:42-9 and RPC 1.5(a); contained multiple entries for the same services as well as entries for unnecessary services; included services performed by a paraprofessional; and were generally unreasonable. The trial court rejected those arguments, finding in both matters that the certifications complied with Rule 4:42-9; that counsel did not double-bill for time in either matter; that the certifications were in compliance with RPC 1.5; that defendants' arguments to the contrary were not persuasive; that the results obtained fully vindicated plaintiff's rights; and

that the fees billed were reasonable and should be awarded in their entirety.

Defendants appeal, reprising the same issues in each matter and arguing that the trial court's findings were inadequate. We reject those arguments.

Fee awards, where permissible, are committed to the sound discretion of the trial court. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). It is undisputed that counsel fees are allowable here pursuant to Rule 4:42-9(a)(8) (allowing fees in all cases permitted by statute), the Condominium Act, N.J.S.A. 46:8B-21, and the Association's master deed and by-laws. See Holbert v. Great Gorge Vill. S. Condo. Council, Inc., 281 N.J. Super. 222, 229-30 (Ch. Div. 1994) (holding that a condominium association need only show that its master deed or by-laws provides for an award of counsel fees in an action to collect overdue assessments to be entitled to fees pursuant to N.J.S.A. 46:8B-21).

As noted by the trial court, the reasonableness of any application for fees is governed by Rule of Professional Conduct 1.5(a) (listing factors in determining reasonableness of counsel fees) and Rule 4:42-9(b) (requiring applications for allowance of fees to address the factors included in RPC 1.5(a)). R.M. v. Supreme Court of New Jersey, 190 N.J. 1, 11-12 (2007). Our

Supreme Court has made clear its expectation that "fee determinations by trial courts will be disturbed only on the rarest occasions, and then only because of a clear abuse of discretion." Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Although the judge's reasons on the record for the award of fees in these actions were not lengthy, condominium lien foreclosures are not uncommon in the Chancery courts. Accordingly, our General Equity judges are well versed in these matters and able to ascertain the truth of what constitutes a reasonable amount of time for particular tasks based on their experience and knowledge as well as their familiarity with the specific cases before them.

The Legislature authorized the award of reasonable attorneys' fees in these actions to prevent the reduction of sums due the condominium association by the fees necessary to obtain payment. See Park Place E. Condo. Ass'n v. Hovbilt, Inc., 279 N.J. Super. 319, 323-24 (Ch. Div. 1994) (explaining the statutory authorization for counsel fees recognizes that the funds needed to run the condominium should not be "reduced by the payment of 'reasonable attorneys' fees' incurred in the process of collection of the charges"). The fees owed the

Association in this matter were not trifling.[1]  Because we find defendants' specific claims of error, that no fees could be awarded for paraprofessional services and that the fees should have been capped at twenty percent or awarded in accordance with Rule 4:42-9(a)(4) governing mortgage foreclosure actions, to be without merit, see Rule 2:11-3(e)(1)(E), and are satisfied the trial judge did not abuse her discretion in judging the reasonableness of the fees generally, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] In the aggregate, the lien claims against all twelve units exceeded $75,000.