BERGEN BUILDERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. HORIZON DEVELOPERS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, BRUNO NERI AND DIXIE LEE NERI, DEFENDANTS-APPELLANTS.

Argued March 16, 1965—Decided May 17, 1965.

436

*Mr. Frank J. Glock* argued the cause for appellants (*Mr. David S. Greenberg,* attorney).

*Mr. Bruce LaSala* argued the cause for respondent (*Mr. George Martin,* attorney).

PER CURIAM. The plaintiff conveyed certain premises to the defendant Horizon Developers and received a promissory note in the sum of $34,800 secured by a mortgage. The note was for the term of one year expiring November 8, 1964 and was signed by all three defendants; it contained provision for acceleration along with a provision that in the event of default the defendants would pay all costs of collection "including an attorney's fee of 15%." There was a default and on February 25, 1964 the plaintiff filed a complaint in the Bergen County Court seeking judgment on the promissory note for the principal sum due, plus interest, plus an attorney's fee. The defendants filed an answer and the plaintiff moved for summary judgment. After considering the affidavits which were filed by the parties and the argument of counsel, the trial court granted the plaintiff's motion. We find no occasion to disturb the summary judgment entered

below in the plaintiff's favor insofar as principal and interest were concerned.

The really controverted issue before us is whether the trial court acted properly in directing that the summary judgment include a provision for payment of an attorney's fee in the sum of $5,220. When the plaintiff's motion for summary judgment was being argued, counsel for the defendants urged that, under the circumstances, it would be "unconscionable and completely unreasonable" to grant an attorney's fee in the amount sought; at this point the trial judge referred to the 15% provision in the note and expressed doubt that he had any power to change the stipulated amount. Although at the conclusion of his ruling on the motion for summary judgment he did find that 15% was reasonable, he did so without receiving any testimony or other proof as to the extent of the services rendered by the plaintiff's attorney or the reasonable value thereof.

In support of their attack on the trial court's action with respect to the attorney's fee, the appellants advance but a single point, namely, that "the public policy of this State prohibits the enforcement of a contractual obligation for the payment of attorney's fees by an adversary party where not expressly authorized by court rule or statute." That point was rejected in *Alcoa Edgewater No. 1 Federal Credit Union v. Carroll*, 44 *N. J.* 442 (1965), and *Cohen v. Fair Lawn Dairies, Inc.*, 86 *N. J. Super.* 206 (*App. Div.*), *aff'd* 44 *N. J.* 450 (1965). Here, unlike *Alcoa*, the promissory note was secured but the decisions throughout the country recognizing reasonable provisions in promissory notes for the payment of attorneys' fees, have properly drawn no distinction between secured and unsecured instruments. See *Manchester Gardens v. Great West Life Assur. Co.*, 92 *U. S. App. D. C.* 320, 205 *F. 2d* 872 (*D. C. Cir.* 1953); *Foulke v. Hatfield Fair Grounds Bazaar, Inc.*, 196 *Pa. Super.* 155, 173 *A. 2d* 703 (1961); *Leventhal v. Krinsky*, 325 *Mass.* 336, 90 *N. E. 2d* 545, 547, 17 *A. L. R. 2d* 281 (1950); 5 *Williston, Contracts* § 786, at *p.* 746 (*3d ed.* 1961).

It is true that in our own State we have a specific rule provision dealing with foreclosures (*R. R.* 4:55–7(c)), and if this were a foreclosure proceeding the judgment could not have included any provision for legal fees beyond those explicitly set forth in the cited rule. See *Bank of Commerce v. Markakos,* 22 *N. J.* 428 (1956). But that rule is by its terms confined to foreclosures and is not applicable in an action on a promissory note. See *Alcoa Edgewater No. 1 Federal Credit Union v. Carroll, supra.* Nevertheless it would appear just that it receive consideration on the issue of reasonableness where the plaintiff's note is secured by a mortgage and foreclosure could readily have been pursued. Assuming, as has been represented by the defendants, that the mortgage security was at all times wholly adequate and that the plaintiff could have been fully satisfied in foreclosure, inquiry should be made by the trial court as to why that course was not chosen and whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment. Furthermore, where, as here, the defendants attacked the 15% provision at the trial level and the very circumstances themselves gave rise to question as to the reasonableness of the claimed attorney's fee in the sum of $5,220, the trial court should clearly not have passed on the issue without first receiving proof as to the extent of the legal services rendered and to be rendered and the reasonable value thereof. Accordingly there must be a remand to the Bergen County Court for a redetermination of the attorney's fee consistent with this opinion. See *Richardson v. Breeding,* 167 *Va.* 30, 187 *S. E.* 454 (1936); *Franklin Nat. Bank v. Wall Street Commercial Corp.,* 40 *Misc. 2d* 1003, 244 *N. Y. S. 2d* 491 (1963), aff'd mem., 21 *App. Div. 2d* 878, 251 *N. Y. S. 2d* 892 (1964); see also *Cohen v. Fair Lawn Dairies, Inc., supra; Manchester Gardens v. Great West Life Assur. Co., supra.*

Reversed and remanded.

JACOBS and SCHETTINO, J. J. (concurring). We join the *per curiam* and vote to reverse and remand.

It has been suggested that the distinction resulting from the terms of the court rules between *Markakos* (22 *N. J.* 428) and this case is not a happy one and that the time is perhaps ripe for comprehensive revision of *R. R.* 4:55–7. The ever mounting problem of court congestion is referred to and the thought is voiced that adoption of the English practice, which widely allows prevailing parties to recover their legal expenses including attorneys' fees, may serve to discourage much unjustifiable litigation. In some states the English practice has been followed. See *Greenberger, Appellate Review in England and the United States—Who Bears the Ultimate Burden?*, 1 *Duquesne U. L. Rev.* 161, 166 (1963). In others, legal expenses including attorneys' fees are allowed against vexatious or oppressive litigants such as those who assert claims or defenses in bad faith or without reasonable basis. *Cf. Ready v. Ready*, 33 *Ill. App.* 2d 145, 178 *N. E.* 2d 650, 100 *A. L. R.* 2d 387 (1961). When the subject was last considered in the course of the original preparation of our court rules, the broad English practice was deliberately rejected in the light of our own Chancery history and because of the fear that it may unjustly discourage the assertion of legitimate claims. See *State v. Otis Elevator Co.*, 12 *N. J.* 1, 26 (1953) (dissenting opinion) ; Goodhart, *"Costs,"* 38 *Yale L. J.* 849, 874 (1929). Nonetheless the problem remains with us as a very troublesome one and should receive further consideration not only at a judicial conference but also at appropriate sessions of our State and County Bar Associations. See Kuenzel, "The Attorney's Fee: Why Not a Cost of Litigation?," 49 *Iowa L. Rev.* 75 (1963) ; Greenberger, "The Cost of Justice: An American Problem, An English Solution," 9 *Vill. L. Rev.* 400 (1964).

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS. FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.