172 N.J. Super. 320 (1980)
411 A.2d 1172
COASTAL STATE BANK, PLAINTIFF-RESPONDENT,
v.
COLONIAL WOOD PRODUCTS, INC., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 4, 1980.
Decided February 15, 1980.
*321 Before Judges BISCHOFF, BOTTER and MORTON I. GREENBERG.
Norman L. Zlotnick argued the cause for appellant (Bloom and Zlotnick, attorneys).
Jeanne M. Schubert argued the cause for respondent.
PER CURIAM.
Defendant Colonial Wood Products, Inc. appeals from a post-judgment order of the Superior Court, Chancery Division for payment of attorney's fees in a foreclosure action.
Colonial was indebted to plaintiff on a bond and note, each evidencing the same debt, dated January 17, 1972, and on a note dated September 4, 1974 reflecting a subsequent debt. These instruments were secured by two mortgages on premises situate in Pleasantville, New Jersey. Each note provided for an attorney's fee of 15% of the unpaid principal and interest if the note was placed in the hands of an attorney for collection. It is not disputed that there were defaults on the notes. But no action was commenced to establish a personal liability on either note. On March 16, 1977 a complaint in the usual form was filed to foreclose on the mortgage because of nonpayment of both notes. No counsel fee on the notes was sought. Though the action was contested plaintiff obtained an order for summary judgment *322 filed June 28, 1977. On August 1, 1977 the Clerk of the Superior Court entered a final judgment which included a counsel fee of $884.06 computed on the basis of R. 4:42 9(a)(4) which establishes a schedule of fees in mortgage foreclosures to be calculated automatically by the clerk with a $7,500 limit. Plaintiff did not request a different computation prior to the judgment being entered. Nor did plaintiff protest the amount of fee allowed. On the same day execution was issued by the clerk which provided for the property to be sold to satisfy the debt, including costs and attorney's fees of $1,111.16. The sheriff listed the property for sale on September 22, 1977 but at defendant's request the sale was postponed by the sheriff to October 20, 1977. See N.J.S.A. 2A:17-36. Thereafter plaintiff obtained from the trial judge an order on September 19, 1977 advancing the sale to October 6, 1977. Defendant then secured an order from the judge again postponing the sale to October 20, 1977. But the sheriff's sale was never held since defendant found a buyer for the property. On October 17, 1977 defendant obtained an order postponing the sheriff's sale until the further order of the court. Since the closing on the private sale was held, plaintiff was satisfied in full except for a claim of attorney's fees under the provisions of the note rather than under the judgment. An appropriate escrow was established to cover this claim. Plaintiff's counsel filed an affidavit of services, dated November 9, 1977, detailing services from the beginning of the action through the preparation of the affidavit. A fee of $9,500 was sought. By a letter opinion the trial judge allowed fees. Ultimately this allowance was reflected in an order filed September 13, 1978 allowing fees of $8,615.94. The trial judge reasoned that the notes had been placed in the hands of the attorney for plaintiff and that the foreclosure was never completed since there was no sale. The court felt that R. 4:42 9(a)(4) did not apply. It held that Bank of Commerce v. Markakos, 22 N.J. 428 (1956), which precluded the right to contract for fees in excess of the rules was distinguishable since *323 the absence of a sheriff's sale meant this was not a foreclosure action.
We cannot agree with the reasoning of the trial judge. When the action was brought plaintiff sought only to foreclose though it might have brought an action on the notes. Schwartz v. Bender Investments, Inc., 58 N.J. 444 (1971). It obtained a judgment which included an attorney's fee computed in accordance with R. 4:42 9(a)(4). Plaintiff only had the right to satisfaction of the judgment entered. Had defendant immediately upon the judgment being entered tendered to plaintiff the amount of the judgment, defendant would have been entitled to have the judgment marked satisfied. See N.J.S.A. 2A:50 32. There is no logical reason why this result should be varied because the source of the funds was a private sale to a third party. Indeed even if a sheriff's sale had been held, there could have been a redemption until the period for objection expired pursuant to R. 4:65 6. See Hardyston Nat'l Bank v. Tartamella, 56 N.J. 508 (1970). In that event defendant could have redeemed by paying the judgment, accrued interest and costs, together with interest on the deposit made at the sale. Id. at 513. There is no reason why a greater payment should be required to pay the debt before the sheriff's sale.
While the trial judge felt that the foreclosure was never completed, we do not see how this position gave the court the power to increase the counsel fee, for no action to recover on the notes was ever commenced. Surely, the jurisdiction of the court had to be related to a proceeding before it brought with at least minimum formality. See Doan v. Collins-Doan Co., 122 N.J. Eq. 399, 402 (E. & A. 1937). Since no action was ever commenced on the notes, the court could not have fixed any amount of counsel fees on the notes. Cases allowing counsel fees in accordance with contractual provisions are not germane.
The reference in the letter opinion to the parties having "received the aid of this equity court in staying the Sheriff's sale to allow a private sale" indicates that the trial judge *324 alternatively acted pursuant to its power to control execution in the foreclosure action. But in the action counsel fees had already been fixed without objection. And the affidavit of services compels the conclusion that any fee for services allowable by reason of the postponement would be minor when compared to the overall fee sought and allowed.
We are satisfied that the proceeding was always "an action for the foreclosure of a mortgage," as regulated by R. 4:42-9(a)(4). Since plaintiff sought fees only in accordance with the rule when the judgment was entered, it was improper procedurally in the same proceeding after the judgment was entered and payment tendered to change the basis of an award of attorney's fees to the provisions for fees in the notes. Such a change can hardly be reconciled with the liberal attitude toward redemption followed in Hardyston Nat'l Bank v. Tartamella, supra, 56 N.J. at 513. Further, even if a plaintiff in a foreclosure action seeks to recover a fee on a provision in a note from the outset of the litigation, he is limited to the fee allowable under R. 4:42-9(a)(4). Alcoa Edgewater No. 1 Federal Credit Union v. Carroll, 44 N.J. 442 (1965); Bank of Commerce v. Markakos, 22 N.J. 428 (1956).
The order of September 13, 1978 is reversed and the matter remanded for entry of an order allowing attorney's fees to plaintiff from the escrow fund without regard for the provisions of the notes.