833 A.2d 77

REGENCY SAVINGS BANK, F.S.B., PLAINTIFF–RESPON-DENT/CROSS–APPELLANT, v. MORRISTOWN MEWS, L.P., UNITED STATES LAND RESOURCES, L.P., RANDOLPH MI-LEED REALTY HOLDINGS, L.P., LAWRENCE S. BERGER, MORRISTOWN MEWS GP, L.L.C., RANDOLPH MILEED GP, L.L.C., AND UNITED STATES REALTY RESOURCES INC., DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted October 1, 2003—Decided October 21, 2003.

364

Before Judges CONLEY, CARCHMAN and WECKER.

*Berger & Bornstein,* attorneys for defendants-appellants (*Ruth M. Meyer,* on the brief).

*Drinker, Biddle & Reath,* attorneys for plaintiff-respondent/cross-appellant (*Walter J. Fleisher, Jr.,* and *Marita S. Erbeck,* on the brief).

The opinion of the court was delivered by

CONLEY, P.J.A.D.

The attorney fee dispute before us arises in the context of efforts by a lender to collect on defaulted notes secured by mortgages. More particularly, the dispute is generated by the lender's efforts to be fully compensated for its counsel fees incurred in its collection efforts. Those efforts included two separate foreclosure actions which ultimately resulted in payment of principal and interest with releases of the debt. In each foreclosure action, too, the lender received counsel fees pursuant to *R.* 4:42–9(a)(4).

These fees, however, were less than could have been obtained under collection fee provisions in the notes.[1] The notes were in the amounts of $780,000 (Randolph Mileed note) and $4,250,000

---

[1] The borrowers agreed in the notes to pay "all actually incurred costs and expenses" in connection with collection efforts, including reasonable counsel fees.

(Morristown Mews note). The foreclosure final judgments were in the amounts of $709,272.02 and $5,305,695.82. Counsel fees of $7,242.72 and $7,500 were awarded. The lender sought fees of $43,256.20 and $57,889.69, respectively, under the fee provisions in the notes and, before entry of final judgments in the foreclosure actions, filed a deficiency action seeking full recompense of its collection fees. It was partially successful, obtaining a judgment for an additional $42,903.50 on the Morristown Mews note and $23,448.07 in fees incurred in the deficiency action. The borrower appeals these additional awards, contending that the lender is entitled only to the fees awarded in the foreclosure actions. The lender appeals the denial of additional fees on the Randolph Mileed note and seeks an increase in the Morristown Mews note fees to $53,256.20. We affirm in part and reverse in part.

The basic query underlying the parties' dispute is whether a lender, secured by a mortgage on a note, who pursues foreclosure and receives payment of principal and interest and counsel fees, albeit limited to fees authorized under *R.* 4:42–9(a)(4), may augment those fees by way of a deficiency action on a fee-shifting provision in the note. While relatively easily stated, the query is not so easily resolved.

Some general principles are extant. First, jurisprudentially New Jersey continues to adhere to the view that "the sound administration of justice is best advanced by having the parties bear the burden of their own counsel fees except in those few circumstances designated by *R.* 4:42–9." *Hatch v. T & L Assocs.,* 319 *N.J.Super.* 644, 647, 726 *A.*2d 308 (App.Div.1999). However, and second, contractual fee-shifting agreements in the lender/borrower context are generally enforceable. *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll,* 44 *N.J.* 442, 210 *A.*2d 68 (1965) (*Alcoa*). *See First Morris Bank & Trust v. Roland Offset Serv., Inc.,* 357 *N.J.Super.* 68, 72–73, 813 *A.*2d 1260 (App.Div.), *certif. denied,* 176 *N.J.* 429, 824 *A.*2d 157 (2003). On the other hand, and third, fee-shifting in the context of a foreclosure proceeding is governed by *R.* 4:42–9(a)(4) and limited to the formula set forth in

that rule. *Coastal State Bank v. Colonial Wood Prods., Inc.,* 172 *N.J.Super.* 320, 411 *A.*2d 1172 (App.Div.1980).

The question to be resolved is whether the *Alcoa* principle survives an *R.* 4:42–9(a)(4) fee award such that additional fees may be recovered by a lender in the form of a deficiency proceeding. The motion judge below resolved the query thusly:

Plaintiff argues that if mortgagees are not allowed to collect reasonable attorney fees for all services rendered in the foreclosure action as well as the action on the note, mortgagees will first prosecute an action on the note rather than proceed against the property. This argument is specious. In ... *Bergen Builders [Inc. v. Horizon Developers, Inc.,* 44 *N.J.* 435, 210 *A.*2d 65 (1965)] ..., an action on a promissory note secured by a mortgage, the Supreme Court observed that if the action was a foreclosure action, under then *R.* 4:55–7(c) "the judgment could not have included any provision for legal fees beyond those explicitly set forth in the cited rule." 44 *N.J.* at 438 [210 *A.*2d 65]. The Court acknowledged that the rule by its terms was confined to foreclosure actions and was not applicable in an action on a promissory note. *Id.* The Court went on to say:

Nevertheless it would appear just that [the rule] receive consideration on the issue of reasonableness where the plaintiff's note is secured by a mortgage and foreclosure could readily have been pursued. Assuming, as has been represented by the defendants, that the mortgage security was at all times wholly adequate and that the plaintiff could have been fully satisfied in foreclosure, inquiry should be made by the trial court as to why that course was not chosen and whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment.

[*Id.*]

Here, of course, the foreclosure proceedings were instituted, the mortgage security was at all times wholly adequate, this action on the note was instituted after the foreclosure proceedings, judgments were secured in the foreclosure proceedings, and the sale of the properties satisfied the amounts determined by the Chancery Courts to be due, including counsel fees pursuant to *R.* 4:42–9(a)(4).

This issue must be decided in light of the recommendation of The Civil Practice Committee, in which the Supreme Court concurred, that the holding in *Farmers & Merchants [Nat. Bank of Bridgeton] v. Cotler,* 225 *N.J.Super.* 160 [541 *A.*2d 1123] (Ch.Div.1988) be rejected and that the holding in *Levine v. Levine,* 210 *N.J.Super.* 585 [510 *A.*2d 286] (Law Div.1986) be included in an amendment to the rule. Pressler, *Current N.J. Court Rules,* Comment *R.* 4:42–9[2.4] (Gann). The court in *Farmers* held that a fee in excess of $7,500 could be allowed on an appropriate affidavit of services without regard to the amount adjudicated in the mortgagee's favor. The *Levine* court, on the other hand, held that although an award in excess of $7,500 was permitted on an appropriate affidavit of services, the court's discretion to award such an additional sum was limited to the amount determined

by the percentage formula in the rule. The rule was thereafter amended to permit an award in excess of $7,500 so long as it did not exceed the percentage formula.

Here, the legal fees in the foreclosure of Randolph Mileed's property was limited by the percentage formula to $7,242.72. In the other action against Morristown Mews, the dollar limit of $7,500 was awarded and the Chancery judge ordered that $51,869.10 be escrowed to cover plaintiff's attorney fees and collection costs pending a settlement or final judgment in this collection action. The amount due plaintiff from Morristown Mews was adjudged to be $5,025,350.22 net of the $7,500 attorney fee. Under the current version of *R.* 4:42–9(a)(4) and the *Levine* case, reasonable counsel fees could be allowed not to exceed 3.5% of the first $5,000, 1.5% of the excess over $5,000 up to $10,000, and 1% of the excess over $10,000. Calculated thus, the maximum fee under the rule would be $175 + $75 + $50,153.50 for a total fee award of $50,403.50 of which $7,500 has been paid to date.

In light of the foregoing, this court concludes that not only is *R.* 4:42–9(a)(4) relevant to the issue of what fees are reasonable in an action on a note when a foreclosure is not pursued, but that the rule is determinative when the foreclosure is pursued and award made thereunder. Therefore, plaintiff is not entitled to any additional counsel fees with respect to the Randolph Mileed foreclosure. It may recover up to an additional $42,903.50 in attorney fees with the respect to the Morristown Mews foreclosure. . . .

██ We are in agreement with the judge's analysis and application of *Bergen Builders, Inc. v. Horizon Developers, Inc.,* 44 *N.J.* 435, 210 *A.*2d 65 (1965) (*Bergen*), under the circumstances here. There, the lender had pursued a deficiency action on a secured note and had obtained counsel fees under the note's fee-shifting provisions. Although the lender could have pursued a foreclosure and, probably, obtained repayment of principal and interest but limited counsel fees, it did not. The Court remanded for reconsideration the amount of counsel fees awarded in the deficiency action in light of the fact that had the lender pursued a foreclosure action on the collateral, fee-shifting would have been limited to the formula in *R.* 4:42–9(a)(4). In doing so, the Court observed that principal and interest would have been satisfied had such an action been pursued, prompting it to question "whether it would now be equitable to burden [the borrower] with legal fees beyond those which would have been included in a foreclosure proceeding. . . ." *Id.* at 438, 210 *A.*2d 65.

Thus, where fee-shifting could have occurred in the context of a foreclosure proceeding which fully satisfies the principal and interest owed, counsel fees under a secured note's fee-shifting provision

sought in a deficiency action can be reasonably limited thereby. Similarly, where a foreclosure action in fact has been pursued and counsel fees awarded under *R.* 4:42–9(a)(4), we have held that that rule limits counsel fees, despite a more generous contractual provision. *Coastal State Bank v. Colonial Wood Products, Inc., supra,* 172 *N.J.Super.* at 320, 411 *A.*2d 1172. In that case the secured lender proceeded with a foreclosure action, obtaining a judgment which included an award of fees under the rule. Ultimately the borrower found a buyer for the foreclosed property and the lender was paid the owed principal and interest. It then obtained an order from the foreclosure judge for additional fees in reliance upon a fee provision in the secured note. Since the sheriff's sale had never occurred, the trial judge reasoned that the foreclosure had not been completed and, thus, the fee-shifting rule was not applicable. In rejecting this, we said:

> We are satisfied that the proceeding was always "an action for the foreclosure of a mortgage," as regulated by *R.* 4:42–9[ (a) ](4). Since plaintiff sought fees only in accordance with the rule when the judgment was entered, it was improper procedurally in the same proceeding after the judgment was entered and payment tendered to change the basis of an award of attorney's fees to the provisions for fees in the notes. Such a change can hardly be reconciled with the liberal attitude toward redemption followed in *Hardyston Nat'l Bank v. Tartamella,* 56 *N.J.* [508,] at 513 [, 267 *A.*2d 495 (1970) ]. *Further, even if a plaintiff in a foreclosure action seeks to recover a fee on a provision in a note from the outset of the litigation, he is limited to the fee allowable under R. 4:42–9[ (a) ](4).*
>
> [*Id.* at 324, 411 *A.*2d 1172 (emphasis added).]

*See also Hatch v. T & L Assocs., supra,* 319 *N.J.Super.* at 649–50, 726 *A.*2d 308 (secured lender cannot obtain $13,000 in additional counsel fees for post-judgment collection costs in action on mortgage note where it had the opportunity to foreclose, in which proceeding fee-shifting would have been limited by the court rule to substantially less than $13,000).

In support of its position, lender relies upon *Cohen v. Fair Lawn Dairies, Inc.,* 44 *N.J.* 450, 452, 210 *A.*2d 73 (1965), *Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, supra,* 44 *N.J.* 442, 210 *A.*2d 68, and *Bergen Builders, Inc. v. Horizon Developers, Inc., supra,* 44 *N.J.* 435, 210 *A.*2d 65. This reliance is misplaced. Neither *Cohen* nor *Alcoa* involved a secured lender who had

obtained fees under the foreclosure fee-shifting rule and then sought additional fees in a deficiency action in reliance upon a contractual provision. And, as our prior discussion of *Bergen* makes clear, we do not read the Supreme Court's decision there to be helpful to lender.

We comment briefly upon *First Morris Bank & Trust v. Roland Offset Serv., Inc.*, *supra*, 357 *N.J.Super.* 68, 813 *A.*2d 1260, not cited by either party but which might seem to support the lender's quest for contractual fees. There another appellate panel reversed an order in favor of borrower vacating a default judgment lender had obtained in its suit on a secured note, seeking counsel fees pursuant to the note's twenty percent fee-shifting provision. The lender had, apparently, also filed a foreclosure action. In reversing the vacation of the default judgment, the panel viewed the note's contractual provision as enforceable, citing *Bergen* and *Alcoa*. But we cannot tell from the decision whether foreclosure fee-shifting had occurred and certainly it does not appear that the deficiency action on the note was brought primarily to obtain greater counsel fees. As far as we can tell, then, the panel in *First Morris Bank* was not confronted with the precise issue we are confronted with here.

In sum, we are in agreement with the motion judge that lender's fee-shifting provisions on the secured notes must be viewed in the context of *R.* 4:42–9(a)(4). This is particularly so because the deficiency action is limited solely to the fees which could not be awarded in the foreclosure actions. To us, this is the proverbial entrance through the back door when entrance through the front door is impermissible. Under these circumstances we find no error in the judge's fee determination.

Accordingly, we affirm the limiting of lender's fee application to *R.* 4:42–9(a)(4) fees. In this respect, we note with some puzzlement borrowers' argument in point two of their brief that: "The trial judge erred in granting plaintiff's motion for summary judgment for fees in excess of the amount set forth in *R.* 4:42–9[ (a) ](4)." Putting aside the award of fees incurred in connection

with the deficiency action, addressed in point five of their brief, the judges below [2] did *not* award fees in excess of those allowable under the foreclosure fee-shifting rule.

This is clear from the following. Since the foreclosure judge had awarded the maximum fee allowable on the Randolph Mileed note, the motion judge denied lender's motion for additional fees as to that note. However, the foreclosure judge had not allowed the maximum fee under the rule on the Morristown Mews note. As applied to that note, lender could have obtained up to $50,403 in counsel fees under *R.* 4:42–9(a)(4). For reasons that have not been explained to us, the foreclosure judge awarded only $7500 yet ordered that $51,869.10 be held in escrow to cover lender's collection fees "pending settlement or final judgment in [the] collection action."

The additional $42,903.50 awarded lender, then, by the judges below represents no more than the maximum fees incurred in connection with the Morristown Mews' note allowable under the foreclosure fee-shifting rule. We find no abuse of discretion in this award. As to the claim that the $42,903 improperly included post-judgment fees, we do no more than point out that the lender denies post-judgment fees were included in that amount and the borrowers have utterly failed to point us to any specific facts in the record in support of their contention.

■ That leaves the additional $23,448.07 fees awarded for the deficiency action. No rationale for these additional fees was offered below. Granted, the fee-shifting provisions in the notes are sufficiently broad to encompass such fees and might reasonably have been triggered had the deficiency action resulted in a judgment for unpaid principal and interest. But the focus of the deficiency action here was entirely fees over and above the

---

[2] There were two judges involved. The first judge determined that lender was entitled to additional fees limited to the maximum allowable under *R.* 4:42–9(a)(4). The second judge determined the amount of such fees based upon a stipulated record.

maximum allowable under the foreclosure fee-shifting rule. In *Hatch v. T & L Assocs., supra,* 319 *N.J.Super.* 644, 726 *A.*2d 308, we held that a lender could not obtain $13,000 in counsel fees for post-judgment collection costs in an action on the mortgage note not only because the note did not contain a fee-shifting provision that included such fees, but also because the lender had had the opportunity to foreclose and its fees would have been limited by the foreclosure fee-shifting rule. We said:

> There is yet another reason for our declining [to permit recovery of post-judgment collection fees]. As we have pointed out, this was a mortgage note. Plaintiff had the option of foreclosing on the mortgage rather than suing on the note. Had he done so, the award of attorney fees would have been limited by *R.* 4:42–9(a)(4). While that award would have been greater than the initial $1,250 included in the default judgment, it would nevertheless have been substantially less than the additional some $13,000 sought by this motion. In similar circumstances, the Supreme Court has cautioned that in determining the reasonableness of the attorney fee sought on entry of final judgment in the action on the note, eschewal by the lender of the foreclosure option is a relevant consideration, requiring the trial judge to inquire "why that course was not chosen and whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment." *Bergen Builders, supra,* 44 *N.J.* at 438 [210 *A.*2d 65]. Plaintiff here has given no explanation, as we believe *Bergen Builders* required him to do, as to why the foreclosure course was not followed.

> [*Id.* at 649–50, 726 *A.*2d 308 (footnote omitted).]

Here, lender pursued foreclosure and maximum counsel fees allowable under the foreclosure fee-shifting rule have been obtained. Although partially obtained through the deficiency action, there is no reason that has been presented to us to explain why lender did not seek the maximum fees on the Morristown Mews note in the foreclosure proceeding. Indeed, the foreclosure judge seems to have been cognizant of the additional fees allowable under the rule as reflected by the escrowing of $51,896.10 over and above the $7500 fees that were awarded. Under these circumstances we do not think it equitable to impose additional fees upon the borrowers attributable to lender's deficiency action maneuver.

Finally, we briefly address borrowers' contention in point three that the summary judgment against the general partners was

erroneous. Prior to its repeal, *N.J.S.A.* 42:1–15(b) had precluded joint *and* several liability against general partners. *See Conklin Farm v. Leibowitz,* 274 *N.J.Super.* 525, 644 *A.2d* 687 (App.Div. 1994); *Seventy–Three Land, Inc. v. Maxlar Partners,* 270 *N.J.Super.* 332, 637 *A.2d* 202 (App.Div.1994). That restriction no longer applies. *N.J.S.A.* 42:1A–18. The trial judge correctly determined that neither the repealed statute nor the cases interpreting it (*see State v. Hyman,* 236 *N.J.Super.* 298, 301–02, 565 *A.2d* 1086 (App.Div.1989)), precluded imposition of joint and several liability upon defendant partners under the current statute.

In sum, we affirm the award of $42,903.50 for counsel fees on the Morristown Mews note. We affirm the denial of any additional fees on the Randolph Mileed note. We affirm the summary judgment entered against the partners. We reverse the award of $23,448.07 for counsel fees incurred in the deficiency action.