

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2004

# Smiriglio v. Hudson United Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Smiriglio v. Hudson United Bank" (2004). *2004 Decisions.* Paper 715.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/715

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-3090

JOSEPH R. SMIRIGLIO; DIANE SMIRIGLIO,

Appellants

v.

HUDSON UNITED BANK

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(Dist. Court No. 02-cv-4976)
District Court Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2004

Before: ALITO, FISHER, ALDISERT, Circuit Judges.

(Opinion Filed: May 11, 2004)

OPINION OF THE COURT

Joseph and Diane Smiriglio appeal a final decision of the United States District Court for the District of New Jersey, affirming a judgment of the Bankruptcy Court. The Bankruptcy Court included in the amount to be paid within the Smiriglios' bankruptcy plan certain attorney's fees incurred during the bankruptcy proceeding by the Smiriglios' mortgagee, Hudson United Bank ("HUB"). While the note and guarantee secured by the Smiriglios' mortgage explicitly provided for payment of reasonable attorney's fees incurred in the enforcement of the same, the Smiriglios contended that the amount recoverable was limited by New Jersey Court Rule 4:42-9(a)(4), which governs fee awards in foreclosure actions. Both the Bankruptcy and District Courts found that this was not a foreclosure action, and so the Rule was inapplicable. We agree with those opinions and affirm.

Generally speaking, New Jersey courts follow the "American rule," under which parties bear their own litigation costs, including attorney's fees. See New Jersey Court Rule 4:42-9(a); McKeown-Brand v. Trump Castle Hotel & Casino, 626 A.2d 425, 429 (N.J. 1993). However, a contractual provision for payment of attorney's fees will generally be deemed enforceable in New Jersey "under common law principles as a deliberate bargain between private parties." Alcoa Edgewater v. Carroll, 210 A.2d 68, 72 (N.J. 1965); Belfer v. Merling, 730 A.2d 434, 443 (N.J. Super. 1999).

New Jersey Court Rule 4:42-9(a)(4) modifies both of these general principles

within the narrow context of "action[s] for the foreclosure of a mortgage." In such cases, a successful plaintiff is entitled to attorney's fees by default. However, the amount recoverable is subject to a cap calculated through a multi-step percentage formula provided in Rule 4:42-9(a)(4). The Rule goes on to explicitly state that "[i]n no case shall the fee allowance exceed the limitations of this rule." In other words, private parties are not free to override by contract the fee cap imposed by the Rule. Alcoa, 210 A.2d at 71; Bank of Commerce v. Markakos, 122 A.2d 13 (N.J. 1956).

The Bankruptcy and District Courts found Rule 4:42-9(a)(4) inapplicable in the Smiriglios' case, and so enforced the contractual provisions providing for payment of attorney's fees in full.[1] The central question on appeal is whether, as the Smiriglios contend, Rule 4:42-9(a)(4) indeed ought to have been applied here.

HUB claims that Rule 4:42-9(a)(4) is inapplicable on two grounds. First, it asserts that the Rule has been preempted by federal bankruptcy law, specifically 11 U.S.C. § 506(b), which provides, in pertinent part:

> To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

Id.; see also Kord Enterprises II v. California Commerce Bank, 139 F.3d 684, 689 (9th

---

[1]Application of the Rule and its formula would have resulted in a fee award of $1,073—several thousand dollars less than that granted by the Bankruptcy Court.

3

Cir. 1998) ("The cases that have interpreted § 506(b) agree that it preempts state law").

However, as the Smiriglios point out in their brief, § 506(b) has itself been superceded by 11 U.S.C. § 1322(e)—at least in cases (such as this one) involving fees included in a claim for arrears. That statute provides:

> Notwithstanding . . . section[] 506(b) . . . of this title, if it is proposed in a plan to cure a default, the amount necessary to cure the default, *shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law*.

Id. (emphasis added). While the relationship of § 506(b) and § 1322(e) has not been extensively considered by the courts, every bankruptcy court to consider the matter appears to have agreed or assumed that "when a debtor seeks to cure a prepetition payment default over the life of a Chapter 13 plan . . . the amount of the arrearage must be 'determined in accordance with the underlying agreement and applicable nonbankruptcy law,'" as provided under § 1322(e). In re Plant, 288 B.R. 635, 641 (Bankr. D. Mass. 2003) (quoting § 1322(e)); see also In re Hatala, 295 B.R. 62, 69 (Bankr. D.N.J. 2003) (holding that to apply § 506(b) under similar facts would be to "ignore[] the plain language of [§ 1322(e)]"); In re Landrum, 267 B.R. 577, 579 (Bankr. S.D. Ohio 2001); In re Lake, 245 B.R. 282, 284 (Bankr. N.D. Ohio 2000); cf. Plant, 288 B.R. at 242 (stating that the proposition is not "particularly debatable").

In other words, HUB is incorrect when it claims that state law is inapplicable in this context; indeed, it is only by examining state law (including Rule 4:42-9(a)(4)) that we can determine whether HUB is entitled to fees "in accordance with . . . applicable

4

nonbankruptcy law." 11 U.S.C. § 1322(e); <u>Hatala</u>, 295 B.R. at 65 (applying Rule 4:42-9(a)(4) as the "applicable nonbankruptcy law"); <u>Plant</u>, 288 B.R. at 642 (applying Massachusetts law); <u>Landrum</u>, 267 B.R. at 582 (applying Ohio law).[2]

HUB's second argument is that Rule 4:42-9(a)(4) is irrelevant because, under the plain terms of the Rule itself, it applies only "[i]n an action for the foreclosure of a mortgage." Surely HUB is correct when it contends that, as a technical matter, the action brought in Bankruptcy Court cannot be considered a foreclosure action. Nor has any foreclosure action ever been filed in connection with this dispute. <u>See</u> Appellee Br. at 11. In fact, since the Smiriglios have apparently agreed to start making regular payments to HUB outside the plan, it would seem that HUB no longer desires relief from the automatic stay in order to pursue a foreclosure proceeding in state court. Thus, HUB's argument—that Rule 4:42-9(a)(4) is inapplicable because the present suit is not even remotely "an action for the foreclosure of a mortgage"—is a strong one.

Nevertheless, we must at least consider the possibility that the New Jersey courts would read the language of Rule 4:42-9(a)(4) as encompassing, not simply foreclosure actions, but also actions *related to* or *connected* in some way to the foreclosure of a mortgage. To our knowledge, the New Jersey Supreme Court has yet to squarely address this issue. We are therefore obliged to try to predict how the New Jersey Supreme Court

---

[2]Note that the Smiriglios do not appear to argue that the attorney fee award is not "in accordance with the underlying agreement" (that is, the note and guarantee they signed with HUB). <u>Cf.</u> 11 U.S.C. § 1322(e).

5

would decide the matter were it properly presented to them.

It should first be noted that the mere fact that there has not been an actual foreclosure in this case is apparently not enough to rule out the possible applicability of Rule 4:42-9(a)(4). Thus, in Coastal State Bank, 411 A.2d 1172 (N.J. Super. 1980), a lender had filed an action to foreclose on a mortgage which had been executed to secure a note (then in default). The lender obtained a final judgment in its favor, including attorney's fees as calculated under Rule 4:42-9(a)(4). Thereafter, but prior to the sheriff's sale of the mortgaged property, the debtor managed to satisfy the defaulted debt in full. The lender then argued (and the trial court agreed) that since there had been no sale of the property, the present suit was not a "foreclosure action," Rule 4:42-9(a)(4) did not apply, and a larger attorney's fee award could be made. On appeal, the Superior Court flatly rejected this argument: "We are satisfied that the proceeding was always 'an action for the foreclosure of a mortgage,' as regulated by R. 4:42-9(a)(4)." Id. at 1174. The plaintiff had not sued on the notes, but had sought to foreclose on the mortgage; whether the property had in fact been ultimately foreclosed upon was irrelevant to the question of how to characterize the action. See also Regency Savings Bank v. Morristown Mews, 833 A.2d 77, 81-82 (N.J. Super. 2003) (quoting from and endorsing Coastal State).

Coastal State is clearly distinguishable from the present case, because it was at least originally brought as a foreclosure case. The Smiriglios' case, by contrast, originated in the Bankruptcy Court and remained there throughout. We find it similarly

6

easy to distinguish <u>Stewart Title Guaranty Company v. Lewis</u>, 788 A.2d 941 (N.J. Super. 2001). In <u>Stewart Title</u>, the court did deny fees incurred in excess of the limits of Rule 4:42-9(a)(4) (including, possibly, some fees incurred in a concurrent bankruptcy proceeding), but that case undisputedly involved an action for foreclosure, and so there could be no question (as there is here) that the Rule applied.[3]

In fact, there is some indication that the New Jersey Supreme Court intends that the requirement of a "mortgage foreclosure action" be read literally. In <u>Bergen Builders v. Horizon Developers</u>, 210 A.2d 65 (N.J. 1965), the Court held that Rule 4:42-9(a)(4) "is by its terms confined to foreclosures and is not applicable in an action on a promissory note." <u>Id.</u> at 66. This was true even though the note involved in the case was secured by a mortgage. <u>Id.</u> at 65. Likewise, in <u>First Morris Bank and Trust v. Roland Offset Service</u>, 813 A.2d 1260 (N.J. Super. 2003), a lender had instituted separate actions to (1) collect on a defaulted commercial note and (2) foreclose on a mortgage which secured the note. <u>Id.</u> at 1261. The court granted a default judgment on the note claim, granting the lender a twenty-percent allowance for attorney's fees, as provided for under the terms of the note. On appeal, the Superior Court sustained the award without so much as mentioning Rule 4:42-9(a)(4), notwithstanding (or perhaps because of) the existence of the concurrent

---

[3]The main question presented in <u>Stewart Title</u> had to do with whether the court had discretion to exceed the attorney's fee limits set forth by Rule 4:42-9(a)(4) in a case where the excess fees had been incurred due to the improper "machinations" of the debtor. <u>Id.</u> at 941. The court ruled that it did not have such discretion. <u>Id.</u>

foreclosure suit.[4]

More generally, New Jersey courts have endorsed a literal reading of other aspects of the "mortgage foreclosure action" requirement. Thus, in a foreclosure suit against a delinquent condominium unit holder, the Superior Court held that Rule 4:42-9(a)(4) did not apply to limit attorney's fees because what was sought to be foreclosed was (technically speaking) a lien and not a mortgage. Island House Condominium Association v. Feldman, 585 A.2d 982 (N.J. Super. 1990). This provides additional (albeit attenuated) support for the proposition that the New Jersey Supreme Court intends that the Rule apply only in a particular and narrow set of cases, as defined by the plain language of the Rule.

The Smiriglios advance one final argument in favor of their proposed construction of Rule 4:42-9(a)(4). The claim is that a proper interpretation of the Rule would take into consideration the expressed intent of the New Jersey legislature that "homeowners should be given every opportunity to pay their home mortgages, and thus keep their homes . . . ." N.J.S.A. § 2A:50-54; Appellant Br. at 13. The Smiriglios further cite Luciani v. Wallack, 746 A.2d 1097, 1100-01: "[T]he legislature has created an elaborate scheme of procedural protections for homeowners . . . [including] a prohibition on lenders imposing on a debtor any charge, fee or penalty as a condition to curing a default." Id.; see also

---

[4]The opinion gives no details regarding the ultimate outcome of the foreclosure suit.

N.J.S.A. § 2A:50-57. What the Smiriglios fail to indicate is why this expression of legislative intent should be in any way determinative in connection with a state court *rule*, which the New Jersey Supreme Court has the power to freely interpret (or change or abolish) as it sees fit. See State v. Leonardis, 375 A.2d 607, 615 (N.J. 1977) ("[A]uthority to engage in rule-making also includes the power to interpret and enforce court rules.").[5] Accordingly, we believe it unlikely that the New Jersey Supreme Court would characterize this bankruptcy proceeding as a "foreclosure action" for the purposes of Rule 4:42-9(a)(4).

One additional matter must be addressed. The New Jersey Supreme Court noted in Bergen Builders that even in cases where the Rule would not technically apply, the limits on attorney's fees set forth in the Rule might bear upon the question of whether an attorney's fee award was "reasonable," in an appropriate case.[6] Accordingly, while the lender in Bergen Builders had undeniably opted to sue on the note rather than pursue the mortgage foreclosure remedy, the Court questioned "why [the mortgage foreclosure]

---

[5]Perhaps the Smiriglios' argument is that N.J.S.A. § 2A:50-57, which limits attorney's fees available in connection with the cure of a default on a residential mortgage, is itself an "applicable nonbankruptcy law" under 11 U.S.C. § 1322(e). That argument, however, also fails, since § 2A:50-57 by its own terms applies only to the curing of a default "under [that] section." To the extent the Smiriglios are seeking to cure their default on their mortgage with HUB, they are doing so under federal bankruptcy law, not § 2A:50-57.

[6]"[A]ny fee arrangement is subject to judicial review as to its reasonableness." Belfer v. Merling, 730 A.2d 434, 443 (N.J. Super. 1999), citing Cohen v. Fair Lawn Dairies, Inc., 210 A.2d 73 (N.J. 1965).

course was not chosen and whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment." Bergen Builders, 210 A.2d at 66. The Supreme Court remanded the case for further consideration of the reasonableness question.

The Bergen Builders decision did not elaborate extensively on when it would or would not be "equitable" to allow for fees in excess of the limits of Rule 4:42-9(a)(4) in non-foreclosure cases. The most important consideration, as suggested by later caselaw following Bergen Builders, appears to be whether a lender is deliberately trying to engage in procedural manipulations to do an end-run around Rule 4:42-9(a)(4). Thus, in Regency Savings, a lender, after successfully pursuing two foreclosure actions which resulted in the full recovery of principal and interest on the associated notes, instituted a deficiency action in state court seeking full recompense of its "collection fees," including attorney's fees in excess of what had been allowed in the foreclosure suits. The court opined that the lender was trying to avail itself of "the proverbial entrance through the back door when entrance through the front door is impermissible." Regency Savings, 833 A.2d at 82. Relying on Bergen Builders, the court denied the petition for additional fees.

Indeed, one court seems to have suggested that a lender who sues on a promissory note rather than opting for an alternate and adequate foreclosure remedy will be *presumed* motivated by improper designs unless an affirmative showing is made to the contrary. Hatch v. T&L Associates, 726 A.2d 308 (N.J. Super. 1999) (denying claim for additional

10

fees where the lender had "given no explanation, as we believe <u>Bergen Builders</u> required him to do, as to why the foreclosure course was not followed [instead]." <u>Id.</u> at 310. <u>But see Regency Savings</u>, 833 A.2d at 82 (distinguishing <u>First Morris</u> on the grounds that "certainly it does not appear that the deficiency action on the note [in that case] was brought primarily to obtain greater counsel fees.").[7]

In any event, it is clear enough that HUB has not engaged in any improper attempts to maneuver its way around the strictures of Rule 4:42-9(a)(4). It is the Smiriglios, and not HUB, that initiated the proceedings in the Bankruptcy Court to begin with. Moreover, HUB is not trying (as did the <u>Regency Savings</u> lenders) to obtain fees incurred (but not awarded) in a foreclosure proceeding by requesting them in a *different* proceeding. The fees it claims were incurred solely in connection with the defense of the "cram down" motion in the Bankruptcy Court. HUB has engaged in no "back door" maneuver here; it simply desires to collect on the attorney's fees due to it according to the terms of the notes the Smiriglios executed.

We find that the attorney's fee award granted by the Bankruptcy Court was entirely consistent with "applicable [state] law." 11 U.S.C. § 1322(e). Accordingly, we affirm.

---

[7]Note that in certain cases, New Jersey statute explicitly provides that a lender is required to pursue a mortgage remedy before suing on a note secured by that mortgage. <u>See</u> N.J.S.A § 2A:50-2. This provision does not apply, however, in cases (such as this one) "[w]here the debt secured is for business or commercial purposes . . . ." <u>See</u> N.J.S.A. § 2A:50-2.3.

11