**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-6024-17T1

HYUN KIM,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

JUNG BROTHERS, LLC,

      Defendant-Appellant/
      Cross-Respondent.

_____

HYUN KIM,

      Plaintiff-Respondent/
      Cross-Appellant,

v.

KWON HO JUNG,

      Defendant-Appellant/
      Cross-Respondent.

_____

Submitted November 7, 2019 – Decided March 12, 2020

Before Judges Nugent, Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. F-6003-16 and L-1461-17.

Sim & Record, LLP, attorneys for appellant/cross-respondents Jung Brothers, LLC, and Kwon Ho Jung (Sang Joon Sim, on the briefs).

Pashman Stein Walder Hayden, PC, attorneys for respondent/cross-appellant Hyun Kim (Janie Byalik, Sean Mack, Jae Youn John Kim, and Zachary Aaron Levy, on the briefs).

PER CURIAM

The actions underlying this appeal involve a secured $435,000 promissory note with a fee-shifting collection clause. Defendant Kwon Ho Jung ("defendant"), the note's maker, defaulted. Plaintiff Hyun Kim, the note's payee, filed a Law Division action to recover the balance due (the "note action") and a Chancery Division action to foreclose on the mortgage that secured the note (the "foreclosure action"). Jung Brothers, LLC (the "LLC") owned the mortgaged property. Defendant was the LLC's managing member. The note and foreclosure actions were consolidated. Following a bench trial, plaintiff obtained judgments on both actions, but the trial court limited his attorney's fees to those recoverable under Rule 4:42-9(a)(4), which allows but limits attorney's fees in an action for the foreclosure of a mortgage.

2

Defendant and the LLC appealed from the judgments but have since stipulated to the dismissal of the appeal. Accordingly, their appeal is dismissed. Plaintiff cross-appealed from the trial court's order awarding him limited attorney's fees and no costs. He contends the trial court misapplied the rule allowing fees in foreclosure actions. We agree and thus remand for further consideration of that issue.

The note at issue included this fee-shifting collection clause:

> The Undersigned agrees to pay all costs of enforcement of this Note and the Loan Documents, including reasonable attorney's fees and court costs, in the event the Undersigned defaults in its obligations hereunder or under the Mortgage, whether suit be brought against the Undersigned or not.

When defendant defaulted, plaintiff filed the note action in Bergen County. Within the next two weeks, he filed the foreclosure action in Burlington County. Nearly a year later, defendant, the LLC, and a party in a third somewhat related action filed a motion to consolidate, which the trial court granted over plaintiff's objection. The third action was later severed. The note and foreclosure actions were tried before a judge sitting without a jury in Burlington County, and judgments were entered for plaintiff.

Plaintiff submitted a post-judgment application for $420,275 for attorney's fees and $15,764.39 for costs, for a total of $436,039.39. His attorney

submitted a certification attesting to the qualifications and billing rates of the attorneys and paralegal who worked on the case and the time spent by each. The court requested and received supplemental submissions from the parties concerning plaintiff's fee application on the note action. In his supplemental submission, plaintiff included his attorney's certification, which explained why the attorney filed the note action. The attorney attached documents downloaded from the internet confirming the property had previously sold for a fraction of the amount due under the note.

In a written decision, the court awarded plaintiff fees under Rule 4:42-9(a)(4) for the foreclosure action but denied plaintiff additional fees for the note action. In all, the court awarded plaintiff $5,983.80. The court awarded plaintiff no costs. The court interpreted case law to preclude the award of additional fees to plaintiff on the note action in view of his proceeding with and prevailing on the foreclosure action. The court also determined plaintiff provided no competent proofs his foreclosure judgment would not satisfy the balance due on the note.

On appeal, plaintiff argues the trial court erred in interpreting relevant caselaw. Plaintiff contends counsel fees can be recovered under a note's fee-shifting provision when a foreclosure action on a mortgage that secures the note

will not satisfy the amount due on the note. Plaintiff argues the proofs contained in his attorney's certification on the fee application established that the anticipated sale of the foreclosed property would not satisfy the amount due on the note.

Defendant and the LLC contend the trial court correctly interpreted applicable caselaw. They argue, "[t]he work expended by [plaintiff's] attorneys on the foreclosure action would have been the same. As such, the trial court properly determined that [plaintiff's] application for legal fees should be limited by [Rule] 4:42-9(a)(4)."

Preliminarily, we note the trial court apparently overlooked plaintiff's costs. Rule 4:42-8(a) states that "[u]nless otherwise provided by law, these rules or court order, costs shall be allowed as of course to the prevailing party." This rule is unaffected by Rule 4:42-9(a)(4) concerning fees in foreclosure actions. Although we are unable to discern from the record whether plaintiff raised the issue before the trial court, because the matter is being remanded plaintiff may present his claims for costs allowed by Rule 4:42-8.

We turn our attention to Rule 4:42-9(a)(4). Because plaintiff is challenging the trial court's interpretation of the law, our review is de novo. Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Rule 4:42-9(a)(4) provides:

> In an action for the foreclosure of a mortgage, the allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff amounting to $5,000 or less, at the rate of 3.5%, provided, however, that in any action a minimum fee of $75 shall be allowed; upon the excess over $5,000 and up to $10,000 at the rate of 1.5%; and upon the excess over $10,000 at the rate of 1%, provided that the allowance shall not exceed $7,500. If, however, application of the formula prescribed by this rule results in a sum in excess of $7,500, the court may award an additional fee not greater than the amount of such excess on application supported by affidavit of services. In no case shall the fee allowance exceed the limitations of this rule.

The threshold issue we must decide is whether the rule applies to an action on a note. We do not write on a clean slate. In Bergen Builders, Inc. v. Horizon Developers, Inc., 44 N.J. 435 (1965), the Court addressed the issue under R.R. 4:55-7(c), which provided:

> No fee for legal services shall be allowed in the taxed costs or otherwise, except:
> . . . .
> (c) In an action for the foreclosure of a mortgage. The allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff in such an action, amounting to $ 5,000 or less, at the rate of 2%; upon the excess over $ 5,000 and up to $ 10,000 at the rate of 1%; and upon the excess over $ 10,000 at the rate of one[-]half of 1%.

6

The Court noted the rule "is by its terms confined to foreclosures and is not applicable in an action on a promissory note." 44 N.J. at 438. R.R. 4:55-7 is the source rule for Rule 4:42-9. See Pressler & Verniero, Current N.J. Court Rules, note on R. 4:42-9 (2020). Like its predecessor, Rule 4:42-9(a)(4) by its terms is confined to foreclosure actions. Thus, like its predecessor, the rule "does not preclude the enforcement of a contractual provision in a promissory note for the payment of a reasonable attorney's fee for services actually rendered in collection[.]" Alcoa Edgewater No. 1 Fed. Credit Union v. Carroll, 44 N.J. 442, 448 (1965).

Nor does the consolidation of an action on a note and a foreclosure action somehow render the rule applicable to the action on the note. "[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties[.]" Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933).

This does not end our inquiry. In Bergen Builders, the plaintiff filed an action on a note with a provision for collection fees but did not file a foreclosure action. 44 N.J. at 436-37, 438. Addressing the plaintiff's fee application, the Court said:

> It is true that in our own State we have a specific rule provision dealing with foreclosures (R.R. 4:55-7(c)),

and if this were a foreclosure proceeding the judgment could not have included any provision for legal fees beyond those explicitly set forth in the cited rule. See Bank of Commerce v. Markakos, 22 N.J. 428 (1956). But that rule is by its terms confined to foreclosures and is not applicable in an action on a promissory note. See [Alcoa, 44 N.J. at 442]. Nevertheless[,] it would appear just that it receive consideration on the issue of reasonableness where the plaintiff's note is secured by a mortgage and foreclosure could readily have been pursued. Assuming, as has been represented by the defendants, that the mortgage security was at all times wholly adequate and that the plaintiff could have been fully satisfied in foreclosure, inquiry should be made by the trial court as to why that course was not chosen and whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment.

[Id. at 438.]

The Court did not expressly preclude the award of fees under the note's fee-shifting provision. Rather, the Court explained that the trial court should inquire why plaintiff chose not to proceed with the foreclosure action and determine "whether it would now be equitable to burden the defendants with legal fees beyond those which would have been included in a foreclosure proceeding judgment." Ibid.

Similar but not identical issues have been addressed by this court. In Coastal State Bank v. Colonial Wood Products, Inc., 172 N.J. Super. 320 (App.

Div. 1980), the court held that a payee under a note secured by a mortgage, who proceeded with a foreclosure action that fully satisfied the note plus fees allowable under Rule 4:42-9(a)(4), could not seek additional fees under the fee-shifting provision in the note. Id. at 324. Plaintiff had filed a foreclosure action but not an action on the note. Id. at 323. The court explained that "[s]ince plaintiff sought fees only in accordance with [Rule 4:42-9(a)(4)] when the judgment was entered, it was improper procedurally in the same proceeding after the judgment was entered and payment tendered to change the basis of an award of attorney's fees to the provisions for fees in the notes." Id. at 324.

In Regency Savings Bank, F.S.B. v. Morristown Mews, L.P., 363 N.J. Super. 363, 365 (App. Div. 2003), the court addressed a lender's application for fees under fee provisions of two notes secured by mortgages. The final foreclosure judgments satisfied the principal and interest due under the notes and the fees awarded under Rule 4:42-9(a)(4). The lender sought increased fees "under the fee provisions in the notes and, before entry of final judgments in the foreclosure actions, filed a deficiency action seeking full recompense of its collection fees." Id. at 366. The court framed the issue before it:

> The basic query underlying the parties' dispute is whether a lender, secured by a mortgage on a note, who procures foreclosure and receives payment of principal and interest and counsel fees, albeit limited to fees

9

authorized under R[ule] 4:42-9(a)(4), may augment those fees by way of a deficiency action on a fee-shifting provision in the note.

[Ibid.]

The court determined the

lender's fee-shifting provisions on the secured notes must be viewed in the context of R[ule] 4:42-9(a)(4). This is particularly so because the deficiency action is limited solely to the fees which could not be awarded in the foreclosure actions. To us, this is the proverbial entrance through the back door when entrance through the front door is impermissible. Under these circumstances, we find no error in the judge's fee determination.

[Id. at 370.]

The court commented on First Morris Bank & Trust v. Roland Offset Service, Inc., 357 N.J. Super. 68 (App. Div. 2003), noting the case "might seem to support the lender's quest for contractual fees." Regency Sav. Bank, 363 N.J. Super. at 370. Although the First Morris Bank case appeared to involve both a note and a foreclosure action, the Regency Savings Bank court could not "tell from the decision whether foreclosure fee-shifting had occurred and certainly it does not appear the deficiency action on the note was brought primarily to obtain greater counsel fees. As far as we can tell, then, the panel in First Morris Bank

was not confronted with the precise issue we are confronted with here." Regency Sav. Bank, 363 N.J. Super. at 370.

We distill from the foregoing cases the following principles concerning secured notes with fee-shifting collection clauses. First, as a general rule, a plaintiff is precluded from circumventing the fee structure set forth in Rule 4:42-9(a)(4). Ibid. For that reason, if a mortgage will satisfy the principal and interest due on a note plus the fees allowable under Rule 4:42-9(a)(4), a plaintiff may not seek additional fees under the note's fee-shifting collection provision. Ibid. Plaintiffs in such circumstances are barred from seeking additional fees regardless of whether they file a foreclosure action and no action on the note, both a foreclosure action and an action on the note, or only an action on the note. Bergen Builders, 44 N.J. at 438; Regency Sav. Bank, 363 N.J. Super. at 366, 370; Coastal State Bank, 172 N.J. Super. at 321, 324.

Next, if the plaintiff's attorney has filed an action on the note, or as in this case an action on the note and a foreclosure action, and seeks fees under the note's fee-shifting collection provision, the court must inquire as to why the attorney chose not to simply pursue a foreclosure action. Bergen Builders, 44 N.J. at 438. If the court determines the attorney chose that course of action to circumvent the fee structure of Rule 4:42-9(a)(4), or that a foreclosure action

11

will satisfy the principal and interest due on the note plus fees allowable under this rule, then fees should not be awarded in excess of the fees allowable under the rule. See Regency Sav. Bank, 363 N.J. Super. at 370. If the court determines the attorney chose that course of action because of a bona fide belief foreclosure would not satisfy the principal and interest due under the note, the court must determine if and to what extent it would be equitable to award reasonable fees in excess of those allowable in a foreclosure action. See Bergen Builders, 44 N.J. at 438.

There may be occasions when parties have a bona fide dispute about whether a foreclosure action will satisfy the principal and interest on a note plus the fees allowable under Rule 4:42-9(a)(4). In such cases, as in any case where parties have a bona fide dispute about a material fact, a hearing may be necessary. We are confident our trial courts will exercise their discretion to narrow and resolve such disputes expeditiously.

In the case before us, the trial court found the facts presented to it to be indistinguishable from Regency Savings Bank. There is, however, a significant factual distinction. There, the foreclosure action satisfied the principal and interest due on the note and the fees allowable under Rule 4:42-9(a)(4). 363 N.J. Super. at 371-72. Here, the undisputed record establishes the foreclosure

judgment will not satisfy the amount due on the note. The note action was thus necessary. The trial court should have determined what fee, if any, in addition to that allowable under Rule 4:42-9(a)(4), would have been equitable and reasonable.

We note the trial court found incompetent plaintiff's "proofs" the mortgaged property was inadequate to satisfy the amount due on the note. We note Rule 1:6-6's requirement that motions based on facts not appearing of record or judicially noticeable be presented by affidavits based on personal knowledge. Here, however, plaintiff offered the records of previous sales of the mortgaged property to explain why he filed both a note and foreclosure action. Moreover, it does not appear from the present record that there was a bona fide dispute about the inadequacy of the mortgaged property to satisfy the amount due on the note. See N.J.R.E. 101(a)(4) ("If there is no bona fide dispute between the parties as to a relevant fact, . . . [i]n civil proceedings the judge may . . . permit that fact to be proved by any relevant evidence, and exclusionary rules shall not apply, except Rule 403 or a valid claim of privilege.")

We also note defendant and the LLC assert without factual support that plaintiff would have expended the same time and effort on the foreclosure and the note actions. That assertion seems untenable. Plaintiff had to draft the

complaint in the note action and pursue certain discovery tailored to that action. In any event, the trial court can factor overlapping work into its fee decision.

We also note the theme in plaintiff's brief that defendant and the LLC obstructed discovery and pursued frivolous defenses, thereby unnecessarily prolonging and complicating the litigation. We cannot glean from the record whether plaintiff pursued discovery sanctions for the alleged misconduct or sought frivolous pleading sanctions under either Rule 1:4-8 or N.J.S.A. 2A:15-59. Such sanctions are neither barred nor restricted by Rule 4:42-9(a)(4). See Somerset Tr. Co. v. Sternberg, 238 N.J. Super. 279, 286-87 (Ch. Div. 1989). Nevertheless, the conduct of the parties is a relevant factor for the court to consider when determining what fee, if any, is equitable. Rendine v. Pantzer, 141 N.J. 292, 316-17 (1995).

On remand, the trial court shall determine whether there is a bona fide dispute about whether the mortgaged property will satisfy the amount due on the note plus allowable fees and costs. If not, the court shall determine what additional fees under the note's fee-shifting collection provision, if any, are equitable and reasonable under the circumstances.

The appeal is dismissed.  The order from which plaintiff cross-appeals is reversed as to the issues of fees and costs and the matter is remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-6024-17T1